BARR SHIPPING CO. ET AL. *v.* UNITED STATES

**No. 7047.**—Invoices dated London, England, June 25, 1946, etc.
Certified June 26, 1946, etc.
Entered at New York, N. Y., July 9, 1946, etc.
Entry No. 20728, etc.

(Decided March 19, 1947)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

MOLLISON, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.
Judgment will be rendered accordingly.

P. W. CALLARD (CALLARD OF LONDON) ET AL. *v.* UNITED STATES

**No. 7048.**—Invoices dated London, England, May 8, 1941, etc.
Certified May 8, 1941, etc.
Entered at Chicago, Ill., June 20, 1941, etc.
Entry No. 5865, etc.

(Decided March 20, 1947)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.
Judgment will be rendered accordingly.